**Billy Glynn WILLIS, Appellant,**

v.

**CITY OF LUBBOCK, Appellee.**

**No. 7420.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 7, 1964.

Rehearing Denied Jan. 4, 1965.

James F. Moore, Lubbock, for appellant.

Fred O. Senter, Jr., City Atty., Don Reed, Asst. City Atty., Lubbock, for appellee.

DENTON, Chief Justice.

This suit was brought to recover benefits of accumulated vacation leave under the Civil Service Act, Article 1269m, Section 26(a), Vernon's Ann.Civ.St. Billy Glynn Willis was a policeman for the City of Lubbock from March 1, 1958, until he voluntarily resigned on January 15, 1963. Subsequently the City paid Willis a lump sum of $713.17 as terminal pay which was based on thirty-four and one-fourth (34¼) days accumulated sick leave, fifteen (15) days accumulated vacation leave, plus longevity pay. Willis brought suit for an additional sum contending the City did not correctly calculate his salary in determining the total severance pay. The trial court, without a jury, held the City had miscalculated the pay due for accumulated sick leave but denied the relief sought as to accumulated vacation pay. Neither the City nor Willis has appealed from that portion of the judgment dealing with the sick leave benefits. This appeal concerns only the action of the trial court in refusing Willis additional vacation pay.

It was stipulated Willis had accumulated fifteen (15) days of vacation time, none of which had been taken. At the time Willis terminated his employment his base salary was $385.00 per month. The City computed his accumulated vacation pay by dividing the $385.00 monthly basic salary by thirty (30) days and multiplying this figure by fifteen (15) days. It is appellant's contention his accumulated vacation pay should have been calculated by determining the daily salary on the basis of the number of working days included in a forty-hour week. Willis, along with other policemen, worked a regular forty-hour week.

Section 26(a) of Article 1269m reads as follows:

"Vacations; accumulations of vacation leave

"Sec. 26(a). All firemen and policemen in the classified service shall earn a minimum of fifteen (15) working days vacation with pay in each year. In computing the length of time during which a fireman or policeman may be absent from work for the vacation provided by this Section, only those calendar days during which the member would be required to work if he were not on vacation shall be counted as vacation days. Vacation leave may not be accumulated from year to year, except as approved by the governing body of the city."

Neither Section 26(a) or any other section of the Civil Service Act makes a provision for accumulated vacation pay for employees who have left the classified service. This is not true in the case of accumulated sick leave. Section 26 of the Act specifically provides for such benefit. That section provides that "In the event a Fireman or Policeman for any reason leaves the classified service, he shall receive, in a lump-sum payment, the full amount of his salary for the period of his accumulated sick leave, provided that such payment shall not be based upon more than ninety (90) working days of accumulated sick leave." The Act makes no such provision for accumulated vacation leave, but specifically states that vacation leave may not be accumulated from year to year. We think it is the clear legislative intent that cities operating under the Civil Service statutes are not required to pay accumulated vacation pay as part of the severance or terminal pay of employees leaving the classified service. The City of Lubbock voluntarily adopted a policy of paying this vacation leave to those leaving the classified service. There being no requirement to make such payments, it follows the City's method of calculating such payment is not subject to judicial review. No Texas case has considered this question; however the reasoning and holding of the Supreme Court of Washington in State ex rel. Bonsall v. Case, 172 Wash. 243, 19 P.2d 927, supports our conclusion.

Appellant further complains of the failure of the trial court to allow attorneys' fees in bringing this suit to recover a deficiency in accumulated sick leave and vacation pay. This contention is without merit. Article 2226, V.A.C.S., allowing reasonable attorneys' fees for those suing for services rendered applies only to private corporations and does not include public corporations such as the City of Lubbock. The City of Houston v. L. J. Fuller, Inc., (Tex. Civ.App.), 311 S.W.2d 285; City of Houston v. Howe & Wise, (Tex.Civ.App.), 323 S.W.2d 134 (Refused, NRE); Housing Authority of City of Dallas v. Hubbell, (Tex. Civ.App.), 325 S.W.2d 880 (Refused, NRE).

The judgment of the trial court is affirmed.

CHAPMAN, J., not sitting.