**CITY OF DALLAS, Appellant,**

v.

**Charles GATES et ux, Appellees.**

**No. 11–84–157–CV.**

Court of Appeals of Texas,
Eastland.

Jan. 17, 1985.

Rehearing Denied Feb. 7, 1985.

Paul K. Pearce, Jr., Dallas, for appellant.

G. Frank Brown, Brown & Stucker, Michael W. Stucker, Hercules & Lavery, Dallas, for appellees.

RALEIGH BROWN, Justice.

This appeal concerns the award of attorney's fees. Charles Gates, one of the appellees,[1] is employed by the City of Dallas,[2] the appellant. The City, under a self-insurance plan, provides health benefits to its employees and their dependents. Gates enrolled himself and his wife, Betty Gates, in the insurance plan. Mrs. Gates, suffering from multiple sclerosis, relied heavily on the plan to help defray the costs of her medical treatments. In February 1982, the City decided to deny any further benefits to Mrs. Gates. Mr. and Mrs. Gates filed suit. The parties agreed to the entry of a partial summary judgment in favor of the employee and his wife for the unpaid benefits that had accrued, and the City agreed not to deny any of Mrs. Gates future claims under the plan. The parties then proceeded to trial on the issue of attorney's fees. In its conclusions of law, the trial court found the City liable for attorney's fees under TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1984) and TEX.INS. CODE ANN. art. 1.14–1 (Vernon 1981). Accordingly, the trial court entered final judgment which included attorney's fees of $100,000 through judgment in the trial court; an additional sum of $10,000 if the City files an appeal with the Court of Appeals; an additional sum of $5,000 if the City files an application for writ of error to the Texas Supreme Court, and an additional $5,000 if the writ of error is granted.

The City appeals solely as to the award of attorney's fees. The judgment is affirmed in part and reversed and rendered in part.

The City urges that the trial court erred in holding the City liable for attorney's fees under TEX.REV.CIV.STAT. ANN. art. 2226 (Vernon Supp.1984) and TEX.INS.CODE ANN. art. 1.14–1 (Vernon 1981) and in rendering judgment thereon because those statutes do not apply to a municipal corporation. We agree. TEX. REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1984) provides in pertinent part:

> Any person ... having a valid claim against a person or *corporation* for ... suits founded upon ... written contracts, may present the same to such persons or *corporation* or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.... The provisions hereof shall not apply to ... contracts of any insurer subject to the provisions of Article 3.62, Insurance Code.... (Emphasis ours)

TEX.INS.CODE ANN. art. 1.14–1 (Vernon 1981) provides:

> Sec. (2)(a) ... Unless otherwise indicated, the term insurer as used in this Article includes all *corporations*, associations, partnerships and individuals engaged as principals in the business of insurance.
>
> \* \* \* \* \* \*
>
> Sec. 7 In an action against an unauthorized person or insurer upon a contract of insurance ..., if the person or insurer has failed for 30 days after demand prior to the commencement of the action to make payment in accordance with the terms of the contract, and it appears to the court that such refusal was vexatious and without reasonable cause, the court may allow to the plaintiff a reasonable attorney's fee and include such fee in

---

1. The appellees are Charles Gates and his wife Betty Gates.

2. The City of Dallas is a home rule city.

any judgment that may be rendered in such action.... (Emphasis ours)

The City argues that as a municipal corporation, it is not a corporation within the meaning of a "corporation" under these statutes. We agree. Under Article 2226, the word corporation does not include a municipal corporation. *City of Austin v. North Austin State Bank*, 631 S.W.2d 564 (Tex.App.—Austin 1982, no writ); *Willis v. City of Lubbock*, 385 S.W.2d 617 (Tex.Civ. App.—Amarillo 1964, writ ref'd n.r.e.). *See Preload Technology, Inc. v. A.B. & J. Construction Company, Inc.*, 696 F.2d 1080, 1095 n. 23 (5th Cir.1983). Therefore, Article 2226 is not applicable to the City. Any award of attorney's fees made pursuant to such statute is invalid.

 It is settled that when a statute uses the word "corporation," the statute "is construed to apply only to private corporations and does not include municipal corporations, unless the statute expressly so provides." *State v. Central Power & Light Co.*, 139 Tex. 51, 161 S.W.2d 766 (Tex.1942). In the instant case, the statutes use the word "corporations" and do not provide for any exceptions to the general rule. Therefore, we hold that neither statute applies to the City. The award of attorney's fees under these statutes was error. The legislature has had ample opportunity since these cases were decided to expand the definition of "corporations" to include municipal corporations. They have declined to do so. These points are sustained.

All of the remaining points of error relate to other reasons why the trial court erred in awarding attorney's fees. The points hinge on the supposition that the two statutes apply to the City. Since the statutes upon which the trial court relied in granting the award of attorney's fees do not apply to the City, it is unnecessary for us to consider these points.

Mr. and Mrs. Gates, in a single cross-point, argue that the trial court erred in failing to hold the City liable to them for attorney's fees, penalty, and interest under TEX.INS.CODE ANN. art. 3.62 (Vernon 1981). We disagree. This Article authorizes a recovery of attorney's fees, penalties and interest against a health insurance company. The definition of a health insurance company in TEX.INS.CODE ANN. art. 3.01, sec. 3 (Vernon 1981) refers to *corporations*. No language in that statute indicates that the term "corporation" includes a municipal corporation. Therefore, we hold that since TEX.INS.CODE ANN. art. 3.62 (Vernon 1981) does not include a municipal corporation within its definition, it is not binding on the City. *State v. Central Power & Light Co.*, supra. This cross-point is overruled.

The judgment of the trial court is affirmed save and except as to the award of attorney's fees, which portion is reversed and judgment rendered that Charles and Betty Gates take nothing as to said attorney's fees.