Charles GATES, Petitioners,

v.

CITY OF DALLAS, Respondent.

No. C–3957.

Supreme Court of Texas.

Feb. 12, 1986.

Rehearing Denied March 19, 1986.

Michael W. Stucker, Hercules & Lavery, G. Frank Brown, Dallas, for petitioners.

Paul K. Pearce, Jr., Office of the City Atty., of Dallas, Dallas, for respondent.

ROBERTSON, Justice.

This is an appeal from a denial of attorney's fees in a suit against the City of Dallas for failure to pay insurance benefits.

The City of Dallas established a self-insurance plan for health benefits of its employees and their dependents which was administered by Republic National Life Insurance Company. Betty Gates, a dependent, suffers from multiple sclerosis, requiring a nurse to attend her. The nursing services were paid for under the City's insurance plan. Thereafter in 1982 the City took over administration of the self-insurance fund and denied further payment of benefits to Mrs. Gates. Gates then sued the City of Dallas for denial of insurance benefits. The trial court rendered partial summary judgment in favor of Gates for the unpaid accrued benefits. Thereafter, the parties stipulated that the City would pay future claims under the plan. Recovery of attorney's fees was the sole issue upon which the parties proceeded to trial. The trial court further found reasonable attorney's fees in the amount of $120,000 to be recoverable from the City of Dallas pursuant to Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1985)[1] and Tex.Ins.Code Ann. art. 1.14–1(7) (Vernon 1981).

The court of appeals reversed the award of attorney's fees and affirmed the trial court judgment in all other respects. 684 S.W.2d 792. We reverse the judgment of the court of appeals and remand to that court for a determination of reasonableness of the amount of attorney's fees awarded by the trial court.

The City of Dallas is a home rule municipal corporation. As such it has broad powers of self-government. *City of Corpus Christi v. Continental Bus Systems, Inc.,* 445 S.W.2d 12, 16 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.). Municipal corporations exercise their broad powers through two different roles; proprietary and governmental. The governmental functions of a municipal corporation have been defined as those acts which are public in nature and performed by the municipality "as the agent of the State in furtherance of general law for the interest of the public at

1. Recodified in Tex.Civ.Prac. & Rem.Code §§ 38.001–.006, 1985 Tex.Sess.Law Serv. 7123 (Vernon).

large." *City of Crystal City v. Crystal City Country Club*, 486 S.W.2d 887, 889 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). Proprietary functions are those functions performed by a city, in its discretion, primarily for the benefit of those within the corporate limits of the municipality. *Id.*

Unlike governmental functions, for which municipal corporations have traditionally been afforded some degree of governmental immunity, proprietary functions have subjected municipal corporations to the same duties and liabilities as those incurred by private persons and corporations. *See Tarvey v. City of Houston*, 602 S.W.2d 517 (Tex.1980) (City held liable for unlimited damages for tort committed while negligently performing proprietary function); *see also Cone v. City of Lubbock*, 431 S.W.2d 639 (Tex.Civ.App.—Amarillo 1968, writ ref'd n.r.e.) (City liable for damages for improper issuance of temporary injunction where litigation involved proprietary activity). Contracts made by municipal corporations in their proprietary capacity have been held to be governed by the same rules as contracts between individuals. *Blythe v. City of Graham*, 287 S.W.2d 527, 530 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.); *Gardner v. City of Dallas*, 81 F.2d 425 (5th Cir.), *cert. denied* 298 U.S. 668, 56 S.Ct. 834, 80 L.Ed. 1391 (1936).

When the City of Dallas entered into the insurance contract with Gates, it acted in its proprietary role and was "clothed with the same authority and subject to the same liabilities as a private citizen." *Boiles v. City of Abilene*, 276 S.W.2d 922, 925 (Tex.Civ.App.—Eastland 1955, writ ref'd). Therefore, the City of Dallas is subject to the provisions of article 2226, governing claims based upon a written contract, as would be a private citizen.

Findings of fact and conclusions of law were filed by the trial court which support the award of attorney's fees pursuant to article 2226. The court found that Gates had a valid claim based upon a written contract, which was denied by the City without reasonable justification; such denial was vexatious; and demand was made by Gates more than thirty (30) days prior to bringing the lawsuit. The trial court correctly concluded, based upon such findings of fact, that Gates was entitled to recovery of reasonable attorney's fees pursuant to the provisions of art. 2226.

By applying what it terms a settled rule of construction, the court of appeals reached a different conclusion. An examination of the rule and its origins indicate that the rule is only one of many factors to be considered in determining the legislative intent underlying a particular statute.

The general rule stated by the court of appeals in this case is that "when a statute uses the word 'corporation,' the statute 'is construed to apply only to private corporations and does not include municipal corporations, unless the statute expressly so provides.'" 684 S.W.2d at 794 (quoting *State v. Central Power & Light Co.*, 139 Tex. 51, 55–56, 161 S.W.2d 766, 768 (1942)). Therefore, since the statute does not expressly state that it applies to municipal corporations, the court of appeals held that attorney's fees were not recoverable under article 2226. The general rule was first applied by the Texas Commission of Appeals in determining whether the Workers' Compensation Act included municipal corporations. *City of Tyler v. Texas Employers' Ins. Ass'n*, 288 S.W. 409 (Tex.Comm'n App. 1926, judgmt adopted). Although the act did not specifically include municipal corporations, the commission noted that its language was admittedly broad enough to include them. *Id.* at 410. Therefore, it was a "matter of ascertaining the intention of Legislature with respect to including them." *Id.* The Commission stated that

[t]he intention of the Legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict language of the statute. Courts will not follow the letter of the statute when it leads away from the true intent and purpose of the Legislature and to conclusions inconsistent with the general purpose of the act. (Citations omitted.) A

matter which is within the obvious purpose and meaning of the statute is as much within the statute as if it were within the letter.

*Id.* The general rule was merely cited as one of the factors to be considered in determining the legislative intent underlying the statute.

This court considered the general rule as one of the factors in determining whether the legislature intended municipal corporations to be included within the scope of an anti-trust statute. *State v. Central Power & Light Co.*, 139 Tex. 51, 55, 161 S.W.2d 766, 768 (1942). Again, the court looked to the purpose of the statute, the strong penalties imposed upon violators, and the limiting effect on the broad powers of a home rule municipal corporation, as well as the general rule of construction to determine that the legislature did not intend to include municipal corporations within the scope of the statute. *Id.* at 56, 161 S.W.2d at 768.

Although the court of appeals cites *Central Power* as authority for its decision, it misapplied the general rule of construction. The court, through strict application of the rule appears to have forgotten that "[i]n interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy." Tex.Gov. Code Ann. § 312.005 (Vernon 1986).

It is apparent that the legislature intended article 2226 to apply to municipal corporations engaged in proprietary functions. The underlying purpose of the statute is to encourage contracting parties to pay their just debts and discourage the very type of vexatious, time-consuming and unnecessary litigation in which Gates was forced to engage. *See McKinley v. Drozd,* 685 S.W.2d 7, 11 (Tex.1985). Unlike the anti-trust statute considered in *Central Power* and the Workers' Compensation Act in *City of Tyler,* article 2226 imposes no penalty on the City of Dallas. In 1979 article 2226 was amended to provide for a liberal construction to effectuate the remedial purposes of the statute. Furthermore, the

statute places no limitation on the broad powers of self-government of a home rule municipal corporation when acting in a proprietary capacity. The only power the statute could be said to limit would be the power to freely breach any contract simply because the breaching party is a municipal corporation.

When all factors are considered, together with the general rule of construction, it is apparent that the "larger" use of the word "corporation" was intended. *See City of Tyler,* 288 S.W. at 410. Therefore, Gates is entitled to recovery of reasonable attorney's fees pursuant to article 2226.

The remaining cases relied upon by the court of appeals as authority for denying recovery of attorney's fees do not persuade this court. In *City of Austin v. North Austin State Bank,* 631 S.W.2d 564 (Tex. App.—Austin 1982, no writ) the court recognized the inequities of a strict application of the general rule yet denied recovery of attorney's fees based solely upon a strict application of the general rule. Another case cited by the court of appeals involved a suit for failure to pay accumulated vacation pay under the Civil Service Act. *Willis v. City of Lubbock,* 385 S.W.2d 617 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.). There was, however, no wrongful denial of a valid claim for services rendered since the act did not provide for such vacation pay. *Id.* at 618. Willis had no claim for attorney's fees regardless of the applicability of article 2226 to municipal corporations. The final case relied upon by the court of appeals supports the award of attorney fees by stressing the fact that article 2226 is a remedial statute and must be liberally construed to effectuate its purpose. *Preload Technology, Inc. v. A.B. & J. Construction Company, Inc.,* 696 F.2d 1080 (5th Cir.1983). The only possible reason for citing the case is the reference to *City of Austin v. North Austin State Bank,* in a footnote on page 1095 of the opinion, to show that some courts have limited the liberal construction requirement of the statute. *Id.* at 1095.

By allowing recovery of attorney's fees pursuant to article 2226, we have afforded Gates the relief sought. It is not necessary that we address whether the same recovery could be allowed under the provisions of the Insurance Code. Thus, we reserve any decision as to the applicability of Tex.Ins.Code Ann. §§ 1.14–1 or 3.62.

Since the court of appeals held article 2226 inapplicable to municipal corporations, it did not reach the City's points of error regarding reasonableness of attorney's fees. The judgment of the court of appeals is reversed and the cause remanded to that court for determination of reasonableness of the attorney's fees awarded.