**Martha WRIGHT, Independent Executrix of the Estate of E.J. Wright, Plaintiff,**

v.

**DEL E. WEBB CORPORATION, Defendant-Third Party Plaintiff-Appellee,**

v.

**DFW REGIONAL AIRPORT BOARD, Third Party Defendant-Appellant.**

No. 85–1482

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 14, 1986.

Cantey, Hanger, Gooch, Munn & Collins, Estil A. Vance, Jr., Stephen L. Tatum, Catherine Jane Alder, Ft. Worth, Tex., for third party defendant-appellant.

Kasmir, Willingham & Krage, Ben L. Krage, Dallas, Tex., for Webb.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

The sole question on appeal is whether the district court erred in ordering the appellant, Dallas-Fort Worth Regional Airport Board, (DFW) a municipal agency, to pay the attorneys' fees of the appellee, Del E. Webb Corporation (Webb) and its subcontractor, E.J. Wright (Wright). Because we find that the district court erred only in ordering the payment of Webb's attorney's fees, we affirm in part, reverse in part, and remand for entry of a modified judgment consistent with the holding of this opinion.

## I.

This case arises out of a contracting dispute between DFW, an agency of the cities of Dallas and Fort Worth, and Webb. In June of 1980, DFW hired Webb to construct at the Dallas-Fort Worth Airport the American Airlines Corporate Headquarters. Webb, in turn, subcontracted with Wright to provide labor and materials and construct a portion of this work. After Wright had completed approximately seventy-five percent of its work, DFW claimed that the work was improperly done, and demanded that Webb have the work removed and redone. Webb objected but complied with DFW's request by ordering Wright to remove and redo the work. Wright also objected, but complied with DFW's demand.

After the construction project was completed, Wright sued Webb to recover damages equal to the amounts expended in removing and replacing the work plus attorney's fees. Webb then sued DFW to recover its own damages, which Webb calculated as including Wright's attorney's fees. On June 28, 1985, the district court entered judgment for Wright against Webb for actual damage and attorneys' fees; the district court also entered judgment for Webb against DFW, awarding Webb as

damages the amount of Wright's damages and attorney's fees, and Webb's own actual damages. In addition, the district court ordered that DFW pay Webb's attorney's fees. DFW filed a timely notice of appeal, challenging only that portion of the district court's decision ordering DFW to pay attorneys' fees incurred by Webb and Wright.

## II.

### A.

DFW raises three issues on appeal. First, DFW argues that under Texas law, a municipal agency is not required to pay attorney's fees. Next, DFW claims that Texas law does not permit the recovery of attorney's fees to a general contractor in a dispute over a construction contract for a finished product. Finally, DFW contends that even if it was properly required to pay Webb's attorney's fees, it cannot be required to pay Wright's attorney's fees because DFW and Wright had no contractual relationship.

Since under Texas law, DFW was performing governmental functions when it entered into the construction contract with Webb, DFW did not fall within the purview of the Texas statute authorizing the award of attorneys' fees. For this reason, we hold that the district court erred in ordering DFW to pay attorney's fees. Since we find that DFW prevails on its first contention, we need not consider its alternative argument that Texas law does not permit the recovery of attorney's fees to a general contractor in a dispute over a construction contract for a finished product. Nonetheless, we find that we must determine what constitutes the award of attorney's fees in this action.

### B.

DFW argues that Tex.Rev.Civ.Stat. art. 2226 does not permit the recovery of attorneys' fees against a municipal agency.[1]

---

1. Tex.Rev.Civ.Stat.Ann. art. 2226 reads in relevant part:

Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered,

While article 2226 allows recovery of attorneys' fees against a "person or corporation," DFW contends that it is not a "person" because that term does not encompass governmental entities and it is not a "corporation" because the word "corporation" refers only to private corporation. While the Texas Supreme Court has recently decided that the term corporations, as used in article 2226, sometimes refers to municipal agencies, in the instant case we hold that it does not.

In *Gates v. City of Dallas*, 704 S.W.2d 737 (Tex.1986), the Texas Supreme Court held that the term "corporation" as used in article 2226 applies to municipal corporations engaged in proprietary functions. The court defined a municipality's proprietary functions as those functions performed by a city, in its discretion, primarily for the benefit of those within the corporate limits of the municipality. The court distinguished a municipality's proprietary function from its governmental functions, which were defined as those acts which are public in nature and performed by the municipality as an agent of the state in furtherance of general law for the interest of the public. In applying the proprietary/governmental distinction in *Gates*, the

court found that a municipal agency that administered its own employees' health-benefits plan was acting within its proprietary role.

Under Texas statutory law, DFW was performing a governmental function when it entered into a construction contract with Webb.[2] *See Schultz v. City of Houston*, 551 S.W.2d 494, 495 (Tex.Civ.App.1977). The clear, although implicit, holding of *Gates* is that a municipal agency is not a corporation under article 2226, and hence cannot be held liable for attorney's fees, when it is performing governmental functions. For this reason we find that DFW cannot be ordered to pay attorney's fees in the instant case because DFW's was performing governmental functions when the dispute in this case arose.

## C.

This court's finding that DFW cannot be made to pay attorney's fees does not resolve all the issues in this case. DFW contends that under Texas law it cannot be required to pay the attorney's fees of either Webb or Wright. We disagree.

In the instant action, Wright sued Webb to recover damages and Webb sued DFW

labor done, material furnished ... may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The usual and customary fees in such cases shall be presumed to be reasonable, but such presumption may be rebutted by competent evidence. In a proceeding before the court, or in a jury case where the issue of amount of attorney's fees is submitted to the court for determination by agreement, the court may in its discretion take judicial knowledge of the usual and customary fees in such matters and of the contents of the case file without receiving further evidence.... This Act shall liberally construed to promote its underlying purposes.
Repealed by Act of June 16, 1985, ch. 959, § 9, 1985 Tex.Sess.Law.Serv. 7043, 7218 (Vernon) (effective Sept. 1, 1985).

2. Art. 46d–15 of the Texas Municipal Airports Act states:

The acquisition of any land or interest therein pursuant to this Act, the planning, acquisition, establishment, development, construction, improvement, maintenance, ... of airports and air navigation facilities ... and the exercises of any other powers herein granted to municipalities and other public agencies, to be severally or jointly exercised, are hereby declared to be public and governmental functions, exercised for a public purpose, and matters of public necessity ... and in the case of any municipality other than a county, are declared to be municipal functions and purposes as well as public and governmental. All land and other property and privileges acquired and used by or on behalf of any municipality or other public agency in the manner and for the purposes enumerated in this Act shall and are hereby declared to be acquired and used for public and governmental purposes and as a matter of public necessity, and, in the case of a county or municipality, for county or municipal purposes, respectively.

for indemnity. The district court's judgment clearly holds Webb, not DFW, liable to Wright for its attorney's fees. Webb's subsequent recovery from DFW of Wright's attorney's fees thus became part of Webb's actual damages. Thus, DFW is not being asked to pay Wright for its attorney's fees but rather to pay the entirety of Webb's actual damages. Since Webb's attorney's fees are the only such fees that DFW is being ordered to pay, we reverse the district court's order only to the extent that it requires DFW to pay Webb's attorney's fees.

### III.

For the reasons stated above, the district court erred in awarding Webb the recovery of its attorney's fees. We find, however, that the remainder of the district court's order was proper. Thus the judgment of the district court is

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR ENTRY OF MODIFIED JUDGMENT.