**Marcus WAYLAND, Petitioner,**

v.

**CITY OF ARLINGTON, Texas, Respondent.**

**No. C–4335.**

Supreme Court of Texas.

May 21, 1986.

Rehearing Denied July 9, 1986.

Rodney R. Elkins, Dallas, for petitioner.

Tom H. Todd, City Atty. and Ass't City Atty. John C. Stewart, Arlington, for respondent.

### PER CURIAM.

The City of Arlington sued Marcus Wayland for recovery of $5,000 due under a promissory note. Wayland filed a counterclaim for the reasonable value of materials and labor provided for water and sewer improvements made in the development of Timbercreek Estates, an addition to the City of Arlington. Based upon the jury's answers to special issues, the trial court rendered judgment that the City take nothing and Wayland recover $5,834.80 on his counterclaim. The trial court denied Wayland recovery of reasonable attorney's fees.

The court of appeals found that there was insufficient evidence to support the jury award of $5,834.82 on Wayland's counterclaim. The trial court judgment was reversed and the case remanded to that court for a new trial on the counterclaim only. The remainder of the trial court judgment was affirmed. 711 S.W.2d 234. Reasonable attorney's fees were denied based solely upon the general rule of statutory construction that attorney's fees are not recoverable from a municipal corporation. *Id.* at 236.

Pursuant to Rule 483, Tex.R.Civ.P., we grant Marcus Wayland's application for writ of error and, without hearing oral argument, reverse that part of the judgment of the court of appeals which denied recovery of attorney's fees and remand the case to the trial court for a new trial. The remainder of the court of appeals judgment is affirmed.

At the time the court of appeals rendered judgment for Wayland, the case of *Gates v. City of Dallas*, 704 S.W.2d 737 (Tex.1986), was pending before this court. In *Gates*, we held that the court must analyze the type of activity in which the municipal corporation is engaged together with the legislative intent underlying the general attorney's fees statute, Tex.Civ.Prac. & Rem. Code § 38.001–.006, 1985 Tex.Sess.Law Serv. 7123 (Vernon). We held that the proprietary contract entered into in *Gates* fell within the scope of the statute. The judgment of the court of appeals is contrary to our holding in *Gates*. We therefore reverse the judgment.

It would serve no purpose to remand the case to the court of appeals since the counterclaim is being remanded for a new trial. One of the factors in determining the reasonableness of attorney's fees is the amount of damages awarded. *Brazos County Water Control v. Salvaggio*, 698 S.W.2d 173, 177 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Furthermore, the type of activity in which the City was engaged becomes relevant in light of our *Gates* decision. For these reasons, we remand the cause to the trial court for a new trial on the issue of attorney's fees, as well as other issues already remanded by the court of appeals.

We reverse that part of the judgment of the court of appeals denying recovery of attorney's fees and remand the cause to

the trial court for a new trial on that issue. The remainder of the court of appeals judgment is affirmed.