**STATE of Texas, et al., Appellants,**

v.

**Robert John BODISCH, Sr., Appellee.**

No. 3–88–294–CV.

Court of Appeals of Texas,
Austin.

Aug. 9, 1989.

Rehearing Denied Sept. 13, 1989.

Jim Mattox, Atty. Gen., Patrick J. Feeney, Asst. Atty. Gen., Austin, for appellants.

Robert D. Ettinger, Bankston, Wright & Greenhill, Austin, for appellee.

Before POWERS, JONES and SMITH[*], JJ.

EARL W. SMITH, Justice (Retired).

Appellee, Robert John Bodisch, sued the State of Texas, the Prosecutor Council[1] (the Council), and Andy Shuvalov, alleging that the Council had breached an employment contract and that Shuvalov had interfered with his contractual relations with the State and the Council. A jury assessed damages against the State and the Council, including attorney's fees, and the trial court rendered judgment against the State and the Council. The court entered a take-nothing judgment as to Shuvalov.

---

[*] Before Earl W. Smith, Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex.Gov't.Code Ann. § 74.003 (1988).

1. The real party in interest is the State; the Prosecutor Council was an agency of the State created in 1977, originally named the Prosecu-

tors Coordinating Council. Acts, 65th Legislature, ch. 345 (1977). The name of the agency was changed to the Prosecutor Council. Acts 67th Legislature, ch. 709 (1981). The agency expired in 1985 under the Sunset Act. See notes following Government Code, ch. 47.

The State and the Council appeal only the award of attorney's fees, contending that the trial court erred in awarding attorney's fees to Bodisch because the State and its agencies are not liable for attorney's fees under Tex.Civ.Prac. & Rem.Code Ann. §§ 38.001—38.006 (1986). We agree, and will reverse and render judgment that Bodisch take nothing on his claim for attorney's fees.

This Court recently has discussed awards of attorney's fees against the State:

First, the State is immune from liability for attorney's fees except when that immunity is waived by clear statutory language.... [citations omitted] Second, statutes must be interpreted so as to give effect to legislative intent. *Knight v. International Harvester*, 627 S.W.2d 382 (Tex.1982). Finally, a statute must be read as a whole and interpreted so as to give effect to every part. *Ex Parte: Pruitt*, 551 S.W.2d 706 (Tex.1977).

*Texas Department of Human Services v. Methodist Retirement Services, Inc.*, 763 S.W.2d 613, 614 (Tex.App.1988, no writ).

Bodisch argues that the trial court did not err in awarding attorney's fees under the authority of § 38.001 of the Texas Civil Practice and Remedies Code, i.e., § 38.001 is the statute that waived the State's immunity from attorney's fees, as discussed above in *Methodist Retirement Services.* The thrust of Bodisch's argument is that the State is an *individual* or *corporation* within the meaning of the statute: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and cost, if the claim is for: ... (8) an oral or written contract." He argues that the terms "individual" and "corporation" must be liberally construed under § 38.005 of the Act: "This chapter shall be liberally construed to promote its underlying purposes." Bodisch relies heavily on *Bowman v. Lumberton Independent School District*, 32 Tex.Sup.Ct.J. 104 (Dec. 7, 1988); *Gates v. City of Dallas*, 704 S.W.2d 737 (Tex.1986); and *Wickersham Ford, Inc. v. Orange County*, 701 S.W.2d 344 (Tex.App.1985, no writ).

A careful reading of these authorities shows that they do not in any way hold that the *State* is liable for attorney's fees in a breach of contract case. In *Gates*, 704 S.W.2d at 737, the plaintiff was an employee of the City of Dallas, which had agreed to provide medical insurance coverage as a part of an employee benefits package. Gates sued the City for breach of its employment agreement by failing to pay medical benefits. The claim for benefits was settled, leaving the only issue to be tried as whether Gates was entitled to attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226, now codified as § 38.001. The court of appeals reversed the trial court's judgment awarding attorney's fees. The Supreme Court reversed the judgment of the court of appeals and remanded the cause to that court for a determination of the reasonableness of the attorney's fees awarded by the trial court. The Supreme Court held that Dallas, a municipal corporation, was a corporation engaged in proprietary functions, stating that "[i]t is apparent that the legislature intended article 2226 to apply to municipal corporations engaged in proprietary functions." *Gates*, 704 S.W.2d at 740.

That attorney's fees might be recovered from a governmental body engaged in a proprietary function was the construction given *Gates* in *Washington v. Walker County*, 708 S.W.2d 493 (Tex.App.1986, writ ref'd n.r.e.), a mandamus action to compel payment of attorney's fees in a capital murder case. The State had forwarded $50,000.00 to Walker County for the defense of the accused. The trial court denied all relief, including attorney's fees, for bringing the mandamus action. The court of appeals held that mandamus was proper, but that recovery could not be had for attorney's fees:

In certain suits, a person is allowed to recover attorney's fees from an *individual* or a *corporation.* Tex.Civ.Practice & Remedies Code Ann. sec. 38.001 (Vernon Supp.1986). Appellees do not fall within the purview of the statute, however, because their duty to the appellant is a duty owed in their official, not individual, capacities. Appellees, in their official capacities, are not a "corporation"

under the ordinary meaning of the term. *See Commissioners Court v. Rodgers,* 691 S.W.2d 753, 757 (Tex.App.—Tyler 1985, no writ); *State v. Central Power & Light Co.,* 139 Tex. 51, 55–56, 161 S.W.2d 766, 768 (1942); *City of Austin v. North Austin State Bank,* 631 S.W.2d 564, 568–79 (Tex.App.—Austin 1982, no writ).

. . . . .

In prosecuting a criminal case, the State and Walker County were acting in a *governmental capacity and not in a proprietary capacity;* therefore appellant is not entitled to attorney's fees.

*Id.* at 497–98 (emphasis added). The issue in *Lumberton,* 32 Tex. Sup.Ct.J. at 104, was whether teachers have an annual vested contractual right in the local supplement which may not be decreased after August 1 of the school year. The Supreme Court held:

> Section 38.001 of the Civil Practices and Remedies Code authorizes recovery of reasonable attorney's fees from an *individual* or *corporation* if the claim is for services rendered or is based on an oral or written contract. The *school district* is a *quasi-municipal corporation.*

*Id.* at 107. The case was remanded to the trial court for a determination of the amount of attorney's fees. None of the cases appellant cites is controlling in this situation.

As to the proper construction of § 38.001, we hold that the statute is unambiguous, and not subject to the dictionary definitions argued by appellee. *A.M.S. Servicing Corp. of Dallas v. State,* 380 S.W.2d 747 (Tex.Civ.App.1964, no writ). The words "individual" and "corporation" are not ambiguous. *See Commissioners' Court of Houston County v. Rodgers,* 691 S.W.2d 753, 757 (Tex.App.1985, no writ).

Appellee's contention that it was the intent of the Legislature in enacting chapter 38 "to allow plaintiffs, such as Mr. Bodisch, to collect their attorney's fees when they have been wronged by a breach of contract, regardless of whether the breaching party was a private individual or the State," is without merit. The "Revisor's Note" to § 38.001 says that

> [t]he revised law does not use "person" in the reference to an opposing party

because the Code Construction Act definition of "person" is broader than the source law meaning of the same.

Revisor's Note, 2 Tex.Civ.Prac. & Rem. Code, p. 475. "Person," in the Code Construction Act, includes governmental entities. Tex.Govt.Code Ann. § 311.005(2) (1988). Thus, the word "person," used in article 2226, was *changed* by the Legislature to the words "individual" and "corporation" in 38.001.

■ We hold that neither the State nor the Council is an individual or corporation. Appellee cites no case in which the State was construed to be an individual or corporation under the wording of § 38.001. Therefore, the necessary statutory authorization to recover attorney's fees against the State is lacking. *Methodist Retirement Services,* 763 S.W.2d at 614–615; Dorsaneo, Texas Litigation Guide § 293.02(10) (1988).

■ Finally, Bodisch argues that the State waived sovereign immunity because immunity was not affirmatively pleaded, citing *Davis v. City of San Antonio,* 752 S.W.2d 518 (Tex.1988). As we understand *Davis,* it holds that a city, as a governmental unit, litigates as any other litigant must, and that the City was not entitled to avoid liability under a claim that it enjoyed governmental immunity absent an affirmative pleading raising that defense. The Supreme Court previously had held in *Gates* that a city is liable for breach of contract in the exercise of a proprietary function. No consent to sue is necessary in such actions against a municipal corporation or a school. In the current case, consent was required, and obtained, to sue the State. House Concurrent Resolution 204, pleaded by appellee, gives consent by the State for appellee to bring suit. However, the resolution further reads:

> RESOLVED, That nothing in this resolution may be construed as an admission by the State of Texas, or by any of its employees, agents, departments, agencies, or political subdivisions, of liability or of the truth of any allegation asserted by the claimant, but the alleged cause of action must be proved under the law of

this state as in other civil suits; and, be it further

RESOLVED, That nothing in this resolution may be construed as a waiver of any defense, of law or fact, available to the State of Texas or to any of its employees, agents, departments, agencies, or political subdivisions, but every defense is specifically reserved except the defense of immunity from suit without legislative permission.

It clearly states that Bodisch must prove his cause of action under the laws of the State. This Court held in *Texas Employment Commission v. Camarena*, 710 S.W.2d 665, 670 (Tex.App.1986), aff'd in part, rev'd in part, 754 S.W.2d 149 (Tex. 1988), that

> [w]hether the doctrine of governmental immunity is involved or not, a fundamental rule of Texas jurisprudence governs the award of attorneys fees: they may not be awarded unless prescribed by statute for the particular kind of case or by an agreement between the parties. [Citations omitted.]

The Supreme Court, however, found that a statute did prescribe attorney's fees in the kind of case brought by Camarena. It found *specific statutory authority* for recovery of attorney's fees under Tex.Civ. Prac. & Rem.Code Ann. §§ 106.001 and 106.002 (1986). *Camarena v. Texas Employment Commission*, 754 S.W.2d 149, 152 (Tex.1988).

In this case, Bodisch was required by the concurrent resolution to prove his cause of action for attorney's fees. He claims that he did so on authorization of *section 38.001* of the Code. Since the State and its agency are not individuals or corporations, Bodisch is not entitled to recover attorney's fees.

That part of the trial court's judgment awarding attorney's fees against the State and Council is reversed and judgment here rendered that Bodisch take nothing in such respect.