Opinion issued January 12, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01251-CV




LORI TEMPLE, Appellant

V.

CITY OF HOUSTON, Appellee




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2003-34567




O P I N I O N

          Appellant, Lori Temple, brings this interlocutory appeal from the trial court’s
grant of the appellee, City of Houston’s, plea to the jurisdiction. In one issue on
appeal, Temple argues that the trial court erred in granting the City’s plea. We
reverse and remand.
Background
          Temple’s late husband was a police officer employed by the City. Her husband
participated in the City’s life insurance plan and named Temple as his beneficiary. 
The plan provided minimum coverage in the amount of $15,000. The plan also
allowed Temple’s husband to elect coverage of two, three, or four times the
employee’s annual base salary, in exchange for higher premiums. 
          Before he died, Temple’s husband elected insurance coverage of three times
his salary. Temple believed that she and her husband had complied with the
requirements to obtain greater benefits and that the City was deducting higher
premiums from her husband’s paycheck.
          After her husband’s death, the City refused to honor Temple’s husband’s
election of greater benefits. Temple filed a $148,000 breach-of-contract suit against
the City, and the City responded by filing a plea to the jurisdiction. Following a
hearing, the trial court granted the City’s plea and dismissed Temple’s suit for want
of jurisdiction. Temple appeals from this order.
Standard of Review
          Subject-matter jurisdiction is essential for a court to have the authority to
resolve a case. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993). The plaintiff has the burden to plead facts affirmatively showing that the trial
court has subject-matter jurisdiction. Id. at 446. A party may challenge a court’s
subject-matter jurisdiction by filing a plea to the jurisdiction. See Tex. Dep’t of
Transp. v. Jones, 8 S.W.3d 636, 638–39 (Tex. 1999). We review the trial court’s
ruling on such a plea de novo, as a question of law. Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998). In conducting this de novo review, we do not
examine the merits of the plaintiff’s case, but consider only the plaintiff’s pleadings
and the evidence pertinent to the jurisdictional inquiry. County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002). We construe the pleadings liberally in favor of
conferring jurisdiction. Tex. Dept. of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex.
2002).
Sovereign Immunity



          Sovereign immunity protects the State, its agencies and officials, and political
subdivisions of the State from suit arising from their performance of their
governmental functions, unless immunity from suit has been waived. Fed. Sign v.
Tex. Southern Univ., 951 S.W.2d 401, 405 (Tex. 1997); San Antonio Indep. Sch. Dist.
v. McKinney, 936 S.W.2d 279, 283 (Tex. 1996). A city is a political subdivision of
the State. Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (Vernon 2005);
McKinney, 936 S.W.2d at 283. 
          The sovereign immunity of the State inures to the benefit of a municipality
insofar as the municipality engages in the exercise of governmental functions, except
when that immunity has been waived. City of Tyler v. Likes, 962 S.W.2d 489, 501
(Tex. 1997). Governmental functions are “‘public acts which the municipality
performs as the agent of the State in furtherance of general law for the interest of the
public at large.’” Truong v. City of Houston, 99 S.W.3d 204, 209 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (quoting Bailey v. City of Austin, 972
S.W.2d 180, 192 (Tex. App.—Austin 1998, pet. denied)); Tex. Civ. Prac. & Rem.
Code Ann. § 101.0215(a) (Vernon 2005) (stating that governmental functions “are
those functions that are enjoined on a municipality by law and are given it by the state
as part of the state’s sovereignty, to be exercised by the municipality in the interest
of the general public”). “[I]it is the Legislature’s sole province to waive or abrogate
sovereign immunity.” Tex. Nat. Resources Conservation Commn. v. IT-Davy, 74
S.W.3d 849, 853 (Tex. 2002) (quoting Fed. Sign, 951 S.W.2d at 409). A political
subdivision’s immunity from suit arising from the performance of a governmental
function can be waived only by legislative consent or constitutional amendment. 
Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 695 (Tex. 2003); Fed. Sign, 951
S.W.2d at 405. Such a waiver must be expressed “by clear and unambiguous
language.” Tex. Gov’t Code Ann. § 311.034 (Vernon 2005); Fed. Sign, 951 S.W.2d
at 405 (quoting Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex.
1994)). 
          Conversely, a municipality has no “sovereign immunity” when it engages in
the exercise of proprietary functions. Id. “A proprietary function is one a city
performs, in its discretion, primarily for the benefit of those within the corporate
limits of the city, rather than for the use by the general public.” Truong, 99 S.W.3d
at 209; Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(b) (Vernon 2005) (stating
that proprietary functions “are those functions that a municipality may, in its
discretion, perform in the interest of the inhabitants of the municipality”).



          Proprietary or Governmental Function
          In our order dated September 19, 2005, we asked the parties to provide
supplemental briefing regarding whether the City of Houston was performing a
governmental or proprietary function and the effect on the City’s governmental
immunity.


 Both parties filed supplemental briefs. The City argues that the operation
of a police department is a governmental function and that an essential part of
operating the police department is paying the officers, including payroll deductions.


 
Therefore, by deducting appellant’s insurance premiums from his salary, the City was
performing a governmental function.
          To support its argument that providing insurance benefits to City police
officers is a governmental function, the City cites generally to three cases. See City
of LaPorte v. Barfield, 898 S.W.2d 288 (Tex. 1995); City of Cockrell v. Johnson, 48
S.W.3d 887 (Tex. App.—Fort Worth 2001, pet. denied); City of Dallas v. Moreau,
718 S.W.2d 776 (Tex. App.—Corpus Christi 1986, writ ref’d n.r.e.). In Barfield, the
Supreme Court of Texas noted that the parties conceded that the hiring and firing of
city employees was a governmental function. 898 S.W.2d at 291. In City of
Cockerell, the court of appeals stated that the operation of a police department and
the hiring and firing of city employees were governmental functions. 48 S.W.3d at
898. In City of Dallas, the court likewise held that the hiring and firing of city
employees was a governmental function, stating that “activities performed as part of
the police power of a municipal corporation in providing for the health, safety, and
general welfare of the citizens fall clearly within the governmental functions of a
city.” 718 S.W.2d 776, 779 (Tex. App.—Corpus Christi 1986, writ ref’d n.r.e.). We
fail to see how these cases resolve whether the City’s decision to provide insurance
benefits is a governmental or proprietary act. 
          In her supplemental brief, Temple relies on two cases for the proposition that
a municipality’s act of providing insurance benefits to its employees, pursuant to a
contract between the municipality and a private insurance company, is a proprietary
function. See Gates v. City of Dallas, 704 S.W.2d 737, 739 (Tex. 1986); Bailey v.
City of Austin, 972 S.W.2d 180, 193 (Tex. App.—Austin 1988, writ denied). We
agree with Temple that Gates and Bailey answer the issue before us.
          In Gates, the Supreme Court of Texas discussed the differences between
governmental and proprietary functions. 704 S.W.2d at 738–739. The supreme court
stated, “Unlike governmental functions, for which municipal corporations have
traditionally been afforded some degree of governmental immunity, proprietary
functions have subjected municipal corporations to the same duties and liabilities as
those incurred by private persons and corporations.” Id. at 739. The court also held
that “Contracts made by municipal corporations in their proprietary capacity have
been held to be governed by the same rules as contracts between individuals.” Id. 
The court concluded that, “When the City of Dallas entered into the insurance
contract with Gates, it acted in its proprietary role and was clothed with the same
authority and subject to the same liabilities as a private citizen.” Id. (internal
quotations omitted). 
          In Bailey v. City of Austin, the court of appeals analyzed whether the City of
Austin’s act of providing a health plan to its employees constituted a governmental
or proprietary function. 972 S.W.2d at 192–93. The court noted that the city had
three plans available: a self-insured plan and two HMO plans administered by private
insurers. The city managed and administered its own plan, oversaw the HMO plans,
and deducted premiums from its employees’ paychecks for all three plans. The court
held that “the City's function of offering, administering, and overseeing health care
plans for its own employees are proprietary functions. Such activities are not integral
to its function as an arm of the state.” Id. at 193. The City neither distinguishes
Gates or Bailey, nor contends that the City provided insurance benefits for the benefit
of the general public. 
          “The key difference between a proprietary and governmental function is that
the city functions in its governmental capacity when it performs functions mandated
by the state.” Truong, 99 S.W.3d at 209–10. The City does not refer us to any state
mandatory requirement that the City must provide insurance benefits to its police
officers—such as a statute that requires the city to provide the benefits at issue and
that specifies the types of benefits to be provided—and we are aware of none.


 The
City attempts to satisfy this requirement by stating that its act of making payroll
deductions is a State requirement and thus a governmental act. The city cites no
authority for this proposition. We disagree with the City’s recharacterization of
Temple’s suit. Here, the basis of Temple’s suit is the State’s failure to pay insurance
benefits after her husband died. Accordingly, we construe the City’s act as one of
providing insurance benefits. 
          Providing insurance benefits to City police officers does not involve an act
provided by the municipality as the agent of the State in furtherance of general law
for the interest of the public at large. See Gates, 704 S.W.2d at 738. We hold that
when a City provides to its employees insurance benefits that are not required by
statute, the City is performing a proprietary function—an act performed by a city, in
its discretion, primarily for the benefit of those within the corporate limits of the
municipality rather than for use by the general public. See City of Gladewater v. Pike,
727 S.W.2d 514, 519 (Tex. 1987) (“A proprietary function is one intended primarily
for the advantage and benefit of persons within the corporate limits of the
municipality rather than for use by the general public.”). Because the City was
performing a proprietary function in providing insurance for its employees, the City
does not have sovereign immunity. Rather, it is “clothed with the same authority and
subject to the same liability as a private citizen.” Gates, 704 S.W.2d at 739. 
Accordingly, the trial court abused its discretion when it granted the City’s plea to the
jurisdiction.
          We sustain Temple’s first issue.
Conclusion
          We reverse the order of the trial court dismissing Temple’s claims against the
City and remand the cause to the trial court.

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.