ACCEPTED
03-15-00309-CV
6335946
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/3/2015 4:23:28 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00309-CV

| | | |
|---|---|---|
| CITY OF AUSTIN and THE UNITED | § | IN THE THIRD |
| HEALTHCARE CHOICE PLUS PLAN | § | |
| FOR CITY OF AUSTIN EMPLOYEES, | § | |
| | § | |
| Appellants, | § | COURT OF APPEALS IN |
| v. | § | |
| | § | |
| CHARLES LESNIAK, | § | |
| | § | |
| Appellee. | § | AUSTIN, TEXAS |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/3/2015 4:23:28 PM
JEFFREY D. KYLE
Clerk

## JOINT APPELLANTS' REPLY BRIEF

## ORAL ARGUMENT IS REQUESTED

Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Lance V. Clack
Texas Bar No. 24040694
lance.clack@figdav.com


FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Fax)


ATTORNEYS FOR APPELLANT
THE UNITED HEALTHCARE CHOICE PLUS
PLAN FOR CITY OF AUSTIN EMPLOYEES

Andralee Cain Lloyd
State Bar No. 24071577
andralee.lloyd@austintexas.gov
Megan Mosby
State Bar No. 24073392
megan.mosby@austintexas.gov


CITY OF AUSTIN – LAW DEPARTMENT
P. O. Box 1546
Austin, Texas 78767-1546
(512) 974-2918
(512) 974-1311 (Fax)


ATTORNEYS FOR APPELLANT
CITY OF AUSTIN

# TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................................i

INDEX OF AUTHORITIES...................................................................................... ii

ARGUMENT ...........................................................................................................1

    A.    Introduction. ..............................................................................................1

    B.    Appellants are immune from suit.........................................................1

    C.    Section 271.152 does not waive Appellee's immunity.........................3

PRAYER...................................................................................................................4

CERTIFICATE OF COMPLIANCE......................................................................6

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Bailey v. City of Austin*,
972 S.W.2d 180 (Tex. App.—Austin 1998, pet. denied) ....................................2

*City of Georgetown v. Lower Colorado River Authority*,
413 S.W.3d 803 (Tex. App.—Austin 2013, pet. dism'd).................................2

*City of San Antonio v. City of Boerne*,
111 S.W.3d 22 (Tex. 2003).............................................................................4

*East Houston Estate Apartments, LLC v. City of Houston*,
294 S.W.3d 723 (Tex. App.—Houston [1st Dist.] 2009, no pet.).......................4

*Gates v. City of Dallas*,
704 S.W.2d 737 (Tex. 1986) ..........................................................................2

*Humana Ins. Co. v. Mueller*,
2015 WL 1938657, No. 04-14-752-CV (Tex. App.—San Antonio, April
29, 2015, no pet. h.) .......................................................................................2

*Lubbock County Water Control & Imp. Dist. v. Church & Akin, L.L.C.*,
442 S.W.3d 297 (Tex. 2014) .......................................................................3, 4

**STATUTES**

Tex. Gov't Code § 271.152.............................................................................1, 3, 4

Tex. Gov't Code § 2259.002.........................................................................1, 2, 3, 4

## ARGUMENT

### A.     Introduction.

In his brief, Appellee argues that (1) providing benefits to city employees is a proprietary function, for which there is no immunity, and (2) even if immunity exists, it is waived by Tex. Local Gov't Code §271.152.  Appellee's first argument ignores the application of Tex. Gov't Code § 2259.002, which is fatal to Appellee's position, and his second argument fails because this suit does not arise from services provided to the City of Austin.  The Trial Court's ruling should be reversed, and judgment rendered in favor of Appellants.

### B.     Appellants are immune from suit.

Appellee concedes the City of Austin is a qualifying governmental entity with immunity [Appellee's Brief, p. 7], and does not dispute that the Plan, which is a self-funded benefit plan established by the City of Austin, is likewise immune. Instead, Appellee argues that the City of Austin engaged in a proprietary function for which there is no immunity.

Appellee's argument that providing benefits pursuant to a self-funded plan is a proprietary function is incorrect.  The legislature has made clear that a municipality has immunity from claims for benefits under a self-funded plan: "[t]he establishment and maintenance of a self-insurance program by a

governmental unit is not a waiver of immunity or of a defense of the governmental unit or its employees." Tex. Gov't Code § 2259.002.

The cases Appellee relies on for the proposition that providing benefits to employees pursuant to a self-funded benefit plan is a proprietary function, *Bailey v. City of Austin*, 972 S.W.2d 180 (Tex. App.—Austin 1998, pet. denied) and *Gates v. City of Dallas*, 704 S.W.2d 737 (Tex. 1986), were decided before Section 2259.002 was enacted in 1999. These cases have been superseded by statute, and are no longer good law. Further, the clear applicability of Section 2259.002 distinguishes this case from *City of Georgetown v. Lower Colorado River Authority*, 413 S.W.3d 803 (Tex. App.—Austin 2013, pet. dism'd), which involved an agreement between a city and a power company, and was not governed by Section 2259.002 or any similar statute.

More recent cases make clear that a municipality has immunity from claims for benefits brought pursuant to a self-funded plan. *Humana Ins. Co. v. Mueller*, 2015 WL 1938657, No. 04-14-752-CV (Tex. App.—San Antonio, April 29, 2015, no pet. h.). Tellingly, Appellee does not even cite Section 2249.002 or argue that it is inapplicable to this case. Appellee likewise fails to address the opinion in *Mueller*, 2015 WL 1938657, which correctly applied Section 2259.002 and held that a governmental entity, and its self-funded plan, is immune from any suits for benefits brought pursuant to the plan. Even if Appellee's argument regarding the

applicability of the proprietary/governmental function distinction is accepted, a municipality clearly has immunity for claims arising from the provision of benefits pursuant to a self-funded plan. *Id.*

## C.   Section 271.152 does not waive Appellee's immunity.

Appellee concedes that, in order to plead a valid waiver of immunity under Chapter 271, Appellee must show that the contract provides for the provision of goods and services to the local governmental entity. [Appellee's Brief, p. 7-8.] Appellee argues that the Plan provides for services to the City of Austin because (1) Appellee provided services to the City of Austin, and (2) the Plan provides benefits to the City of Austin, employees of the City of Austin, and their dependents. [Appellee's Brief, p. 10.]

These services are insufficient to bring the contract within the scope of Section 271.152. First, to the extent Appellee provides services to the City of Austin, he does not do so pursuant to the Plan. Stated differently, the Plan does not provide for the provision of any services by Appellee. Second, to the extent the Plan provides services to the City of Austin, they are not the subject of suit. Services provided to employees of the City of Austin and their dependants are not services provided to the governmental entity. None of the provided services identified by Appellee are sufficient to waive immunity for this suit under Section 271.152. *See, e.g., Lubbock County Water Control & Imp. Dist. v. Church & Akin,*

*L.L.C.*, 442 S.W.3d 297, 303 (Tex. 2014) (holding that the provision of services to a water district's constituents did not constitute the provision of services to the water district, and therefore immunity was not waived under Chapter 271); *East Houston Estate Apartments, LLC v. City of Houston*, 294 S.W.3d 723, 726 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Appellee makes no effort to distinguish *Church & Akin* or *East Houston Estate*, both of which are fatal to his claim.

Finally, Appellee again fails to recognize the impact of Section 2259.002. If Appellee's argument regarding Section 271.152 was accepted, every governmental entity would waive immunity when it established a self-funded plan, and Section 2259.002 would be rendered a nullity. This is not the law. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22 (Tex. 2003) (holding that the purpose of statutory construction is to give effect to every part). Appellee has failed to plead or articulate a valid waiver of immunity.

## PRAYER

For the foregoing reasons, Appellants request that this Court reverse the Trial Court's order denying Appellants' plea to the jurisdiction and render judgment dismissing Appellee's claims.

Respectfully submitted,


By: */s/ Lance V. Clack*
       Andrew G. Jubinsky
       Texas Bar No. 11043000
       andy.jubinsky@figdav.com
       Lance V. Clack
       Texas Bar No. 24040694
       lance.clack@figdav.com

FIGARI & DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas 75202
Tel: (214) 939-2000
Fax: (214) 939-2090

ATTORNEYS FOR THE UNITED HEALTHCARE
CHOICE PLUS PLAN FOR CITY OF AUSTIN
EMPLOYEES


KAREN M. KENNARD, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF LITIGATION

By: */s/ Megan Mosby*
       Andralee Cain Lloyd
       State Bar No. 24071577
       andralee.lloyd@austintexas.gov
       Megan Mosby
       State Bar No. 24073392
       megan.mosby@austintexas.gov

City of Austin – Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Tel: (512) 974-2918
Fax: (512) 974-1311

ATTORNEYS FOR CITY OF AUSTIN

## CERTIFICATE OF COMPLIANCE

This document complies the word-count limitations of Rule 9.4(i)(3) because it contains 877 words as calculated per the word processing program used for its preparation, excluding any parts exempted by Rule 9.4(i)(1).

*/s/ Lance V. Clack*
Lance V. Clack

# CERTIFICATE OF SERVICE

On the 3rd day of August, 2015, a true and correct copy of the foregoing document was served on counsel as follows:

***Via E-Service***
Amar Raval
araval@plummerlawyers.com
James C. Plummer
jplummer@plummerlawyers.com
PLUMMER & KUYKENDALL
4203 Montrose Blvd., Suite 270
Houston, Texas 77006
*Attorney for Plaintiff*

/s/ Lance V. Clack

Lance V. Clack